UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| THE SMITHFIELD PACKING CO., INC., <br>     Plaintiff, <br><br> V. <br><br> JONES REFRIGERATION, and JOHNNY JONES, <br><br>     Defendants. | Civil No. 11-282-GFVT <br><br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

During the installation of new parts on a refrigeration system at Smithfield Packing Company, Inc.'s, meatpacking plant in Middlesboro, Kentucky, two ammonia leaks were discovered resulting in costly environmental cleanup for Smithfield. Smithfield blamed Johnny Jones and Jones Refrigeration, Armstrong Industrial Refrigeration and Maintenance Service, and Precision Boiler Repair and Welding, Inc., for the incidents, and filed suit against them for negligence, breach of contract, and breach of express and implied warranties.

In Jones' Answer, they not only refuted the allegations asserted by Smithfield, but also counterclaimed against it.[1] That Counterclaim is now the subject of a motion filed by Smithfield seeking to dismiss it. For the following reasons it will be GRANTED.

**I**

Jones' Counterclaim is rather vague, but they essentially assert that Smithfield has ulterior motives for filing suit against them. They allege that Smithfield has maliciously

---

[1] Johnny Jones and Jones Refrigeration are referred to collectively as Jones in this opinion.

prosecuted them, and that Smithfield's Complaint is a "sham pleading" wherein they "seek[] to obtain relief by fraud and seek[] to shift the cost" of its "wrongful and negligent conduct" to them. [R. 1-1, at 20.] Smithfield objects, and filed its Motion to Dismiss and/or for Summary Judgment as to Counterclaim of Defendant Jones. [R. 97.]

## II

### A

Smithfield contends that review of this matter is appropriate under either the Federal Rules of Civil Procedure 12(b)(6) dismissal standard or 56(c) summary judgment standard. Utilizing the Summary Judgment standard is appropriate here because the Court is reviewing more than just the pleadings to determine whether the Counterclaim survives. "When a court considers matters outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that 'the motion must be treated as one for summary judgment under Rule 56.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) (quoting Fed.R.Civ.P. 12(d)). "A district court may convert the motion *sua sponte*." *Id.* Smithfield provides deposition testimony and reports to support its motion. Therefore, review is appropriate under the summary judgment standard.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty*

2

*Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  In reviewing a motion for summary judgment, the court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dept. of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 495 U.S. 574, 587 (1986)).

Finally, it is worth noting that Jones' did not respond to Smithfield's motion. Nevertheless, "[t]he fact that the non-moving party does not respond, or that the motion may otherwise seem to be unopposed, does not change this requirement or lessen the burden on the moving party or the court." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992) (citing *Carver v. Bunch,* 946 F.2d 451 (6th Cir.1991).

When non-movant fails to respond, the court must review carefully the evidence submitted by the movant.  *Id.*  Further, the trial court is under no obligation to "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party."  *Id.*  Instead, "in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are" undisputed.  *Id.*

**B**

Smithfield argues that any claim for malicious prosecution is unwarranted. Specifically**,** Smithfield asserts that the filing of its complaint to recover damages caused allegedly by Jones' negligence is not malicious prosecution under Kentucky law.  The

3

law of malicious prosecution requires that the claimant establish six elements. Jones cannot establish all of those elements.

Historically, in Kentucky, claims for malicious prosecution are disfavored. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). "Public policy requires that all persons be able to freely resort to the courts for redress of a wrong, and the law should and does protect them when they commence a civil or criminal action in good faith and upon reasonable grounds." *Id.* Based on this principle, plaintiffs "must strictly comply with the prerequisites of maintaining an action for malicious prosecution." *Id.* (citing *Davis v. Brady*, 218 Ky. 384, 291 S.W. 412 (1927)).

Six elements must be established to win on a malicious prosecution claim. "(1) [T]he institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding." *Broaddus v. Campbell*, 911 S.W.2d 281, 283 (Ky.Ct.App. 1995).

Jones cannot establish all of these elements. Most notably, there has been no disposition resolving this matter. Because there has been no termination of these proceedings in Jones' favor, they cannot persist with this claim. *See Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998) (explaining that in *Grainger v. Hill,* 4 Bing. N.C. 212, 132 Eng. Rep. 769 (1838), "[s]ince the proceeding had not been terminated, a cause of action for malicious prosecution did not exist.").

4

## C

Next, Smithfield asserts that any claim for abuse of process that may be asserted by Jones cannot survive summary judgment. More specifically, Smithfield asserts that there is no evidence that it has utilized this action for collateral advantage or to coerce or intimidate Jones. [R. 97-1.] Smithfield is correct.

Abuse of process is defined as "the irregular or wrongful employment of a judicial proceeding." *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998) (quoting *Stoll Oil Refining Company v. Pierce, Ky.*, 337 S.W.2d 263, 266 (1970)). A claim for abuse of process is different from a claim for malicious prosecution. Malicious prosecution "consists of commencing an action or causing process to issue maliciously without justification." *Id.* Abuse of process, on the other hand, involves " 'the employment of legal process for some other purpose than that which it was intended by the law to effect.' " *Id.* (quoting *Raine*, 621 S.W.2d at 902; *Flynn v. Songer,* Ky., 399 S.W.2d 491, 494 (1966)).

To establish an abuse of process the plaintiff must show "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Simpson*, 962 S.W.2d at 394 (citing *Bonnie Braes Farms Inc. v. Robinson,* Ky.App., 598 S.W.2d 765 (1980); *Williams v. Central Concrete Inc.,* Ky.App., 599 S.W.2d 460 (1980)). "Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process is required and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion even though with bad intentions." *Id.* at 394-95 (citing W. Prosser, *Handbook of the Law of Torts,* Section 121 (4th ed.1971)).

5

There is absolutely no evidence in the record to support this assertion. Smithfield holds Jones, amongst others, responsible for the ammonia leaks. Because Smithfield "expended significant resources to minimize and remediate the harm caused by the ammonia releases," it wants to recover damages from them. [R. 1-1, at 5.] If a jury finds Jones partially responsible for the ammonia leaks, then it will have some responsibility to compensate Smithfield. There is nothing nefarious or indecent about that potential resolution of this issue. Consequently, this counterclaim must fail.[2]

**D**

Jones' Counterclaim also asserts that Smithfield's complaint is a "sham pleading" and that Smithfield "seeks to obtain relief by fraud." [R. 1-1, at 20.] Smithfield contends that Jones has failed to plead fraud with particularity and has failed to allege or establish the elements of a fraud claim. [R. 97-1, at 12.]

Jones does not have a cognizable fraud claim because it is not asserted with particularity in accordance with federal civil procedure. "While state law governs the burden of proving fraud at trial in a diversity action in federal court, the procedure for pleading fraud in all diversity suits in federal court is governed by the special pleading requirements of Fed.R.Civ.P. 9(b)." *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This means that a plaintiff must 'allege the time, place, and content of the alleged misrepresentation . . . the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.' " *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir.

---

[2] There is no indication from the vague counterclaims that Jones actually asserted an action for abuse of process. Nevertheless, the Court has endeavored to address the issues raised by Smithfield in its motion.

6

2008) (quoting *United States ex rel. Bledsoe v. Community Health Systems, Inc.* 501 F.3d 593, 504 (6th Cir. 2007)).

Jones has not clearly identified the fraudulent misrepresentation resulting in his claim for relief. Moreover, the record is bereft of any evidence establishing the alleged time, place, or content of the alleged misrepresentation. Without this information, Smithfield cannot be expected to prepare a sufficient defense against the allegation. *See Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) ("[T]he purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading."). Therefore, to the extent Jones' Counterclaim alleges fraud, summary judgment is appropriate.

E

Smithfield raises the issue of whether Jones' counterclaim actually asserts defenses that should be designated as such. [R. 97-1, at 14, 15.] It asserts that Jones' counterclaims are similar to the affirmative defenses in its Answer. [*Id.* at 14.] Smithfield advises that pursuant to Federal Rule of Civil Procedure 8(c)(2), the allegations in the counterclaim should be designated and treated as defenses rather than as a counterclaim. [*Id.* at 15.]

Although there are clear similarities between the affirmative defenses and the counterclaims asserted by Jones, such relief is not necessary. Fed.R.Civ.P. 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."

There are certainly similarities between the affirmative defenses asserted by Jones and its counterclaims. Jones references the negligence of Smithfield in its affirmative defenses and in its counterclaims. [R. 1-1, at 17, 20.] Moreover, it references Smithfield's intentional and tortious conduct in both. [R. 1-1, at 17, 20.]

Notwithstanding these similarities, Jones asserts portions of counterclaims that do not appear in the affirmative defenses section. There is no reference to fraud, abuse of process, or malicious prosecution in the affirmative defenses. For these claims, Jones sought independent relief, and thus separate review of their merits is appropriate. *See Scheurer Hosp. v. Lancaster Pollard & Co.*, 2013 WL 173268, *12 (E.D. Mich. Jan. 16, 2013) (slip copy) (explaining that "[t]he distinction between counterclaims and affirmative defenses . . . is that the former seeks relief independent of that sought in the complaint while the latter simply challenges the relief sought in the complaint.").

Moreover, to the extent that similarities exist between Jones' affirmative defenses and counterclaims, specific designation pursuant to Rule 8(c)(2) is not necessary because it would result in redundancy. Surely, justice does not require a repetitive designation of counterclaims to affirmative defenses. The Court will not apply any new labels to Jones' Counterclaim.

## F

Finally, Smithfield challenges any assertions in Jones' Counterclaim that it was negligent. Smithfield contends that Jones has failed to identify any legal duty owed by it to Jones, any breach of such a duty, or any damages incurred by Jones as a result of such breach.

This Court reads Jones' Counterclaim differently, and does not construe any portion of it as asserting a claim for negligence. Any mention by Jones in its Counterclaim of any negligence is only meant to provide context for the alleged fraud claim or explain why a second ammonia release occurred at the meatpacking plant.

Nevertheless, out of an abundance of caution, to the extent any claim for negligence has been asserted by Jones, it must fail. To establish negligence, a plaintiff must show "(1) the existence of a legal duty that requires the defendant to conform to a certain standard of conduct; (2) the defendant's failure to conform to that standard; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Pennington v. Dollar Tree Stores, Inc.*, 28 Fed.App'x. 482, 489 (6th Cir. 2002) (citing *Radcliff Homes, Inc. v. Jackson,* 766 S.W.2d 63, 68 (Ky.Ct.App. 1989)). Jones has not proffered any evidence to support a negligence claim and it cannot survive summary judgment.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Smithfield's Motion to Dismiss and/or for Summary Judgment as to Counterclaim of Defendant Jones [R. 97] is **GRANTED**; and

(2) As to Jones' Counterclaim judgment is **ENTERED** against Jones in favor of Smithfield.

This 12th day of March, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

9